**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILFREDO LEBRON,**

                **Petitioner,**              **9:10-cv-0588
                                                                        (GLS)**

                **v.**

**WILLIAM HULIHAN,**

                **Respondent.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**FOR THE PETITIONER:**
Wilfredo Lebron
Pro Se
97-A-7774
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, NY 12788

**FOR THE RESPONDENT:**
HON. ERIC T. SCHNEIDERMAN    PAUL B. LYONS
New York State Attorney General     Assistant Attorney General
New York Office
120 Broadway
New York, NY 10271

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Background

**A.**    **State Court Proceedings**

According to the state court record supplied to this court, on December 2, 1997, petitioner, *pro se*, Wilfredo Lebron pleaded guilty in the New York State Supreme Court, New York County, to the crime of attempted robbery in the second degree, and was thereafter sentenced to an indeterminate term of between six years to life imprisonment. (*See* Dkt. No. 14, Ex. A.) On June 19, 2007, following Lebron's application for parole, a panel of the New York State Division of Parole ("Parole Board") held a hearing at which Lebron was interviewed. (*See* Dkt. No. 14, Ex. B.) At the conclusion of that hearing, the Parole Board denied Lebron's parole application and ordered a twenty-four-month "hold," determining that his release was "incompatible with the welfare of society," and there was "a reasonable probability that [Lebron] would not live and remain at liberty without again violating the law." (*Id.* at 9.) On June 25, 2007, the Parole Board issued a "Parole Board Release Decision Notice" in which it memorialized the findings made at the June 19, 2007 hearing. (*See* Dkt. No. 14, Ex. C ("June 25, 2007 Notice").)

On April 1, 2009, Lebron again appeared before the Parole Board, which held another hearing wherein Lebron was interviewed regarding his application for parole. (*See* Dkt. No. 14, Ex. D.) At the conclusion of the hearing, the Parole Board again denied Lebron's application for parole and ordered a new twnety-four-month hold. (*See id.* at 12.) In arriving at that

determination, the Parole Board noted that its decision was based on its finding that, *inter alia*, Lebron's conviction for attempted robbery in the second degree "represent[ed] a continuation of a criminal history that include[d] prior convictions for criminal possession of stolen property in the fourth degree, robbery in the second degree and attempted robbery in the third degree." (*Id.*)  The Parole Board also observed at that hearing that Lebron had "incurred a Tier 2 misbehavior report for violent conduct since [his] last parole board appearance." (*Id.*)  On April 6, 2009, that agency issued a written decision denying his parole application.  (*See* Dkt. No. 14, Ex. E ("April 6, 2009 Notice").)

Respondent asserts that on July 27, 2010, the Parole Board conducted a search of its records and determined that Lebron had not administratively appealed the decisions referenced in either the June 25, 2007 Notice or the April 6, 2009 Notice.  (*See* Dkt. No. 12 ¶ 6.)

**B.   Procedural History**

Lebron commenced this action by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 16, 2010.[1]  (*See* Dkt.

---

[1] Lebron signed his petition on May 16, 2010, (*see* Dkt. No. 1 at 7), and therefore such pleading is deemed filed as of that date under the "prison mailbox rule."  *See Shaw v. Superintendent, Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. Mar. 28, 2007) (noting that habeas petitioner's pleading was "deemed to be properly filed at the time he hands the papers to the prison authorities for transmittal to the court" (citations omitted)).

No. 1.) This court then directed Lebron to file an amended pleading if he wished to proceed with this action, (*see* Dkt. No. 6), and on July 16, 2010, Lebron filed an amended petition, (*see* Dkt. No. 9). Although hardly a model of clarity, in that pleading, he seems to claim that the Parole Board violated his right against double jeopardy when it referenced a prior attempted robbery conviction that occurred more than ten years prior to either of those hearings in denying his parole applications. (*See id.* at 3-5.) In a related claim, Lebron appears to argue that the April 2009 denial of his parole application was wrongfully based on the "same facts" upon which such agency relied in denying his parole application following the June 2007 parole hearing. (*See id.* at 5.) Lebron also seems to claim that the Parole Board improperly found that his release from custody would be incompatible with the welfare of society. (*See id.* at 6.)

On October 20, 2010, respondent filed an answer in opposition to the Amended Petition, together with a memorandum of law in opposition to that Amended Petition and various state court records. (*See* Dkt. Nos. 12-14.) In opposing Lebron's application, respondent argues that Lebron's claims must be denied because, *inter alia*, (1) this action was filed after the governing statute of limitations had already expired and (2) Lebron did not exhaust any of the claims he asserts herein in the state courts. (*See* Dkt.

No. 13 at 7-10.)  This matter is currently before this court for disposition.

## II.  Discussion

**A.    Governing Statute of Limitations**

Enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996[2] brought about significant changes to the prisoner litigation landscape.  One of those changes was the institution of a one-year statute of limitations applicable to habeas corpus petitions filed after April 24, 1996.  *See* 28 U.S.C. § 2244(d).  The law now provides, *inter alia*, that a one-year statute of limitations "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  That statute further provides that such limitation period "shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

To challenge the denial of a parole application in New York, a prisoner must first file an administrative appeal regarding the denial with the Parole Board's Appeals Unit ("Appeals Unit").  *McCormick v. Morrisey*, 770 F. Supp. 2d 556, 564 n.4 (W.D.N.Y. 2011) (citing *Morel v. Thomas*, No. 02 CV 9622, 2003 WL 21488017, at *2 n.3 (S.D.N.Y. June 26, 2003)).  Inmates have

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

thirty days from the date they receive the decision denying their parole application within which to file an administrative appeal with the Appeals Unit.  *See Morehouse v. Alexander*, No. 08-CV-0946, 2008 WL 4822231, at *5 (N.D.N.Y. Nov. 3, 2008); *see also* 9 N.Y. Comp. Codes R. & Regs. tit. 9, § 8006.1(b) ("The appeal process is initiated by the filing of a notice of appeal within 30 days of the date that the inmate/violator or his attorney receives written notice of the final decision" denying parole.).

As noted above, the Parole Board's written decisions denying Lebron's applications for parole were issued on June 25, 2007 and April 6, 2009, respectively.  Since the day Lebron received those notices is unknown, this court may properly presume that he received them three days after they were mailed, or on Thursday, June 28, 2007 and Thursday, April 9, 2009, respectively.  *See Rivera v. Emerging Health Info. Tech.*, No. 10 CV 8522, 2011 WL 5346097, at *2 (S.D.N.Y. Nov. 7, 2011) ("Courts presume that [an individual] receives the notice three days after it is mailed, which is presumed to be the day it is issued." (citations omitted)); *see also Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008); *Holmes v. McCoy*, No. 02 Civ. 0646HBMHD, 2004 WL 1886137, at *2 n.7 (S.D.N.Y. Aug. 23, 2004).  Therefore, those decisions of the Parole Board became final thirty days after Lebron's constructive receipt of those decisions, or on Monday,

July 30, 2007 and Monday, May 11, 2009, respectively.  *See. e.g.*, *Johnson v. Carlsen*, No. 09-CV-66, 2010 WL 1817343, at *3 (N.D.N.Y. Mar. 29, 2010) (holding that where a petitioner failed to file any administrative appeal regarding decision of Parole Board, such decision became final thirty days after Parole Board decision) (Report-Recommendation), *adopted by* 2010 WL 1837779 (N.D.N.Y. May 5, 2010).  Lebron therefore had one year from those dates—or until July 30, 2008 and May 11, 2010, respectively—within which to timely commence his habeas petition challenging those decisions. *See, e.g., Cook v. New York State Div. of Parole*, 321 F.3d 274, 280-81 (2d Cir. 2003) (explaining that the statute of limitations under § 2244 expires one year after decision of Parole Board becomes final).  However, as noted above, Lebron did not sign his original petition until May 16, 2010, (*see* Dkt. No. 1 at 7), or five days *after* the statute of limitations expired concerning the latest decision of the Parole Board challenged herein.[3]  This action is therefore subject to dismissal unless the court may legally excuse Lebron's late filing.  *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 201-02 (2006); *Richard v. Rock*, No. 9:08–CV–145, 2009 WL 383762, at *7 (N.D.N.Y. Feb. 10, 2009) (adopting Report and Recommendation that

---

[3] Lebron commenced this action more than one year and nine months after the limitations period expired with respect to any challenge he wished to assert concerning the Parole Board's June 2007 denial of his parole application.

dismissed a habeas petition filed one day after the expiration of the statute of limitations); *Smith v. Conway*, No. 07 Civ. 7174, 2008 WL 2531194, at *3 (S.D.N.Y. June 24, 2008) (finding that a petition filed approximately two weeks after the statute of limitations expired was untimely under AEDPA); *see, e.g.*, *United States v. Locke*, 471 U.S. 84, 101 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.").

    A habeas petition that would otherwise be subject to dismissal in light of the AEDPA's statute of limitations may nevertheless be considered by a district court where the court determines that the limitations period should be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Furthermore, although the Second Circuit has acknowledged that the "question remains open" as to "whether the [United States] Constitution requires an actual innocence exception to [the] AEDPA's statute of limitations," *Whitley v. Senkowski*, 317 F.3d 223, 225 (2d Cir. 2003) (internal quotation marks and citation omitted), the Court has nonetheless directed district courts to consider a claim of actual innocence before dismissing a habeas petition as untimely filed. *Id.*; *see Friedman v. Rehal*, 618 F.3d 142,

152 (2d Cir. 2010) ("A claim of actual innocence could provide a basis for excusing [a] late filing.") (citing *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004)).

Lebron is entitled to equitable tolling of the governing limitations period if he establishes: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his habeas petition. *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The term "extraordinary," as applicable here, "does not refer to the uniqueness of the petitioner's circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Bolarinwa v. Williams*, 593 F.3d 226, 231-32 (2d Cir. 2010) (internal quotation marks and citation omitted). Equitable tolling is only appropriate where the petitioner can demonstrate that he was "*prevented from filing* despite exercising that level of diligence which could reasonably be expected in the circumstances." *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) (internal quotation marks and citation omitted).

Lebron has not argued that the governing limitations period should be equitably tolled. Additionally, nothing before this court suggests—much less establishes—that Lebron diligently pursued his rights relating to the

decisions of the Parole Board challenged herein. Nor does anything in the record support a claim that Lebron was prevented from timely filing this action due to extraordinary circumstances beyond his control. Consequently, Lebron is not entitled to equitable tolling of the governing limitations period. *See Jenkins v. Greene*, 630 F.3d 298, 302-03 (2d Cir. 2010).

Finally, nothing in records before this court even suggests that Lebron "is actually innocent of the denial of parole." *Renis v. Thomas*, No. 02Civ.9256, 2003 WL 22358799, at *5 (S.D.N.Y. Oct. 16, 2003) (internal quotation marks omitted).[4] Lebron, therefore, cannot seek safe harbor from the dismissal of his Amended Petition based upon this potential exception to the AEDPA's statute of limitations. *See, e.g.*, *Menefee*, 391 F.3d at 161; *Whitley*, 317 F.3d at 225; *Medina v. McGinnis*, No. 04 Civ.2515, 2004 WL 2088578, at *27 (S.D.N.Y. Sept. 20, 2004). This court therefore denies and dismisses the present application as untimely filed.

**B.    Exhaustion[5]**

    **1.    Exhaustion Doctrine**

---

[4] Notably, nothing filed in this matter establishes that Lebron is actually innocent of any of the convictions upon which the Parole Board, in part, based its decisions denying his parole applications.

[5] Although this action was not timely commenced by Lebron, for the reasons discussed more fully below, this court also finds that Lebron failed to exhaust the claims he now asserts.

It is well settled that a federal district court "'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State.'" *Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001)); *see Hill v. Mance*, 598 F. Supp. 2d 371, 375 (W.D.N.Y. 2009). This is because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)). As the Supreme Court noted in *O'Sullivan*, "[c]omity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." 526 U.S. at 844 (citations omitted).[6] The exhaustion doctrine applies to habeas challenges concerning decisions of the Parole Board denying applications for parole. *See Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005); *Flanders v. Chairman of Div. of Parole State of New York*, No. 02Civ.3899RCCJCF, 2004 WL 253323, at *2 (S.D.N.Y. Feb. 10, 2004).

As noted above, respondent declared, under penalty of perjury, that

---

[6] The exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation marks and citations omitted).

Lebron never filed an administrative appeal concerning either the June 25, 2007 Notice or the April 6, 2009 Notice.  (*See* Dkt. No. 12 ¶ 6.)  Since Lebron has failed to dispute that allegation, it is plain that he has not exhausted his current challenges to the Parole Board's decisions in the state courts.

Additionally, Lebron can no longer bring an administrative appeal regarding either of the decisions because he failed to a file a notice of appeal within thirty days.  *Johnson*, 2010 WL 1817343, at *3.[7]  Since no state remedies by which Lebron may properly challenge the denial of his parole applications are still available to him, the grounds for relief asserted herein—all of which challenge the Parole Board's decision denying his applications for parole—are both deemed exhausted, but procedurally defaulted.  *See id.*; *see also Robles v. Williams*, No. 02 Civ. 6102, 2007 WL 2403154, at *2-*3 (S.D.N.Y. Aug. 22, 2007); *Flanders*, 2004 WL 253323, at *2.

### 2. Consequences of Lebron's Procedural Default

Federal courts may only consider the merits of procedurally defaulted claims where the petitioner can establish both cause for the procedural

---

[7] "To exhaust a denial of parole under New York law, the inmate must first file an administrative appeal with the Division of Parole's Appeals Unit.  If that appeal is denied, he must seek relief in state court pursuant to [N.Y. C.P.L.R. a]rticle 78."  *Scales*, 396 F. Supp. 2d at 428 (internal quotation marks and citation omitted).

defaults and resulting prejudice or, alternatively, that a fundamental miscarriage of justice would occur absent federal court review of the claims. *See Dixon v. Miller*, 293 F.3d 74, 80-81 (2d Cir. 2002); *see also St. Helen v. Senkowski*, 374 F.3d 181, 184 (2d Cir. 2004) ("In the case of procedural default (including where an unexhausted claim no longer can proceed in state court), [federal courts] may reach the merits of the claim 'only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

To establish legal "cause" that would enable this court to consider his procedurally forfeited claims, Lebron must show that some objective, external factor impeded his ability to exhaust his claims. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). Examples of such external factors include "interference by officials," the ineffective assistance of counsel, or proof that "the factual or legal basis for a claim was not reasonably available" at the time of the petitioner's default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotation marks and citation omitted).

Nowhere in this action does Lebron argue that good cause exists which legally excuses his failure to exhaust the foregoing claims.

Furthermore, after reviewing the record filed herein, this court cannot find any cause that excuses Lebron's failure to exhaust the claims he has raised his Amended Petition. Since Lebron has not established that legal cause exists which excuses his procedural defaults, this court need not consider whether he has suffered the requisite prejudice because federal habeas relief is unavailable under this limited exception unless the petitioner demonstrates *both* cause and prejudice. *See Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

Finally, although a federal court may properly review procedurally defaulted claims if it is convinced that the failure to consider them would amount to a fundamental miscarriage of justice, *Dixon*, 293 F.3d at 80-81, this latter exception is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. As noted above, however, Lebron has not established that he is "is actually innocent of the denial of parole." *See Renis*, 2003 WL 22358799, at *5 (internal quotation marks omitted). He therefore cannot properly seek safe harbor from the dismissal of his unexhausted and procedurally defaulted claims under this final exception permitting habeas review of such claims. The court therefore alternatively denies Lebron's Amended Petition due to his failure to exhaust

the claims he has raised herein.[8]

## C. Certificate of Appealability

Finally, in considering whether Lebron is entitled to a Certificate of Appealability regarding the decision to deny his Amended Petition, the court notes that 28 U.S.C. § 2253 provides, in relevant part, as follows:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .[9]

28 U.S.C. § 2253(c)(1)(A). A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since Lebron has failed to make such a showing, the court declines to issue any Certificate of Appealability in this matter.

### III. Conclusion

**WHERFORE**, for the foregoing reasons, it is hereby

---

[8] In any event, Lebron's claims must be denied on the merits because, as the court noted in *McCormick*, "[i]t is well-settled that New York's parole scheme (N.Y. Exec. Law § 259-i and N.Y. Comp. Code R. & Reg. tit. 9, § 8001.3) does not give inmates a constitutionally protected liberty interest in parole release." 770 F. Supp. 2d at 564 (citations omitted). Thus, habeas claims, such as those asserted herein, that challenge the denial of a parole application, "do[] not state a viable federal constitutional question upon which habeas relief may be granted." *Id.* at 564.

[9] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." *See* Fed. R. App. P. 22(b).

**ORDERED** that Lebron's Amended Petition (Dkt. No. 9) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that no Certificate of Appealability shall issue because Lebron has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c); and it is further

**ORDERED** that any state court records that were not filed in this action be returned directly to the Attorney General at the conclusion of these proceedings (including any appeal of this Memorandum-Decision and Order filed by any party).

**IT IS SO ORDERED.**

Albany, New York
February 22, 2012